NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1352

DUHN OIL TOOL, INC.,

Plaintiff-Appellee,

v.

COOPER CAMERON CORPORATION,

Defendant-Appellant.

Appeal from the United States District Court for the Eastern District of California in case no. 1:05-CV-1411, Senior Judge Oliver W. Wanger.

Before LINN, FRIEDMAN, and MOORE, Circuit Judges.

PER CURIAM.

## O R D E R

Cooper Cameron Corp. ("Cameron") and Duhn Oil Tool, Inc. ("Duhn") dispute whether the district court's April 1, 2009 order is immediately appealable under 28 U.S.C. § 1292. "[I]f the district court's order expressly grants an injunction, the order is appealable under § 1292(a)(1), without regard to whether the appellant is able to demonstrate serious or irreparable consequences." Cross Med. Prods. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1301 (Fed. Cir. 2005) (citation omitted). Here, the district court's order is an express injunction. While the court claimed to deny injunctive relief, it specifically imposed in paragraph 3 an affirmative obligation on Cameron to "provide instructions to its frac mandrel customers, which unambiguously state that the

lockscrews are not to be engaged during installation or use of the frac mandrel." Duhn Oil Tool, Inc. v. Cooper Cameron Corp., No. 05-CV-1411, slip op. at 4-5 (E.D. Cal. Apr. 1, 2009) ("Order"). The court thereby granted part of the relief that Duhn requested—to prohibit Cameron from further allegedly infringing uses. Even if Cameron previously volunteered to halt these uses, the order now prevents Cameron from changing its mind before trial. Therefore, the order is an immediately appealable injunction, and we have jurisdiction under § 1292(c)(1). See Cross Med., 424 F.3d at 1300.

In this case, there were insufficient grounds for the court to enjoin Cameron. A preliminary injunction requires the moving party to show both likelihood of success on the merits, and irreparable harm unless the injunction issues. See Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001). The district court identified "strongly conflicting evidence" about the possible frequency of Cameron's future infringement, and the absence of "a sufficient showing for injunctive relief of the scope and of the nature, [sic] including the notice requirement that Plaintiffs are seeking." Order at 2. Duhn identifies no irreparable harm that it would suffer without the court's order, and does not cross-appeal the denial of the broader injunctive relief it proposed. For these reasons alone, the injunction was improper. Therefore, we decline Cameron's invitation to address invalidity and noninfringement in the first instance. See Sentry Prot. Prods., Inc. v. Eagle Mfg. Co., 400 F.3d 910, 912 (Fed. Cir. 2005) ("[W]e do not normally decide significant issues for the first time on appeal.").

Accordingly,

IT IS ORDERED THAT:

Paragraph 3 of the district court's order of April 1, 2009 is <u>vacated</u>, and the case is <u>remanded</u> for further proceedings.  No costs.

FOR THE COURT

<u> February 19, 2010  </u>
Date

<u>    /s/ Jan Horbaly            </u>
Jan Horbaly
Clerk

cc:  James M. Whitelaw
     Charles J. Rogers